IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| James Ira Hart,<br><br>                      Plaintiff,<br>v.<br><br>Utah State Attorney General,<br><br>                      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-84 HCN DPB<br><br>District Judge Howard C. Nelson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

      Plaintiff, James Ira Hart, proceeds *in forma pauperis*, *see* 28 U.S.C. § 1915 (2019), alleging violations of the Sixth Amendment and his Constitutional rights.[1] The court granted Plaintiff leave to proceed *in forma paurperis* and waived the prepayment of filing fees under § 1915. (ECF No. 4.) In screening Plaintiff's Amended Complaint under 28 U.S.C. § 1915, the court has determined that the court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Therefore, the undersigned recommends that the case be dismissed without prejudice for lack of subject matter jurisdiction.

      As a preliminary matter, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir.2003). This case involves allegations of Constitutional violations arising from a divorce involving Plaintiff in the Utah State Court system. Plaintiff claims his Sixth Amendment rights were violated when the state of Utah "failed to properly educate Utah lawyers including LLC's to the constitution and amendments before issuing licenses to act under

---

[1] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B).

the law, specifically the 6th amendment." Complaint p. 3. Mr. Hart asserts the same claim against the Utah Attorney General. "I was divorced without cause, time or place of hearing," Plaintiff complains. In support of his allegations Plaintiff attaches a copy of the Decree of Divorce to his Complaint. Having reviewed the Complaint, the undersigned finds this case fits within the confines of the *Rooker-Feldman* doctrine.

> The Supreme Court explained,
>
> The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) .... The Rooker-Feldman doctrine ... includes three requirements: (1) "[T]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party"; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim."

*Lance v. Dennis*, 546 U.S. 459, 460 & 462 (2006) (internal citations omitted). Here, all three requirements are clearly satisfied. The claims in this case are classic examples of the types of claims encompassed by the *Rooker-Feldman* doctrine. *See e.g., Jackson v. Davidson*, 272 Fed.Appx. 722 (10th Cir. 2008) (holding action seeking to enjoin enforcement of state divorce decree is "precisely the type of claim encompassed by the Rooker-Feldman doctrine" and quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) for proposition that "[f]ederal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"). Because this court lacks subject matter jurisdiction, the dismissal must be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (reversing dismissal with prejudice even where amendment of pleading could not eliminate standing as a bar to subject matter jurisdiction because "[a] longstanding line of

cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

Finally, the court finds no reason for allowing Plaintiff an opportunity to amend the Complaint. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999) (noting that dismissal is proper where it is obvious that the plaintiff cannot prevail on the facts alleged and it would be futile to give an opportunity to amend). The facts giving rise to Plaintiff's Complaint here do not allow for jurisdiction.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS this matter be dismissed without prejudice. Plaintiff's Motion for Default may be deemed moot or denied.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 20 April 2022.

_____
Dustin B. Pead
United States Magistrate Judge